THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DENISE PIZZINO, | ) | Case No. 2:06CV0099 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Denise Pizzino filed an application for Social Security benefits alleging a disability beginning on October 16, 1997. After a hearing, an administrative law judge ("ALJ") concluded at step four of the five-part sequential evluation process, see 20 C.F.R. § 416.920, see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Plaintiff can return to her past work and therefore, was not disabled. In the alternative, the ALJ found Plaintiff not disabled at step five of the analysis as well.

Plaintiff contends that the ALJ erred in that: (1) she failed to properly consider the opinions of Plaintiff's treating physicians: (2) her residual functional capacity ("RFC") determination relied exclusively on the report of a non-treating state agency physician who lacked key evidence on which to base his

report; and, (3) her finding regarding Plaintiff's credibility as to her limitations is not supported by substantial evidence.

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

The Court rejects Plaintiff's first claim that the ALJ improperly rejected the opinions of Dr. Root, her treating physician of five years, because the ALJ failed to specify the weight given to those opinions and because she found those opinions were not supported by detailed documentation and were inconsistent with Dr. Root's other findings.

The ALJ must give substantial weight to the evidence and opinions of the claimant's treating physicians unless good cause is shown for finding to the contrary. *Frey v. Bowen*, 816 F.2d 508,

2

513 (10th Cir. 1987); see also *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)("ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record"). A treating physician's opinion may be rejected if it is not "well supported by clinical and laboratory diagnostic techniques" and if inconsistent with other substantial evidence of record. *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).

The ALJ stated that she considered the evidence from Plaintiff's treating and examining sources, but did not give controlling weight to a form regarding Plaintiff's limitations prepared by Dr. Root because it was comprised mostly of checklists, and because it was not supported by detailed documentation of Plaintiff's limitations. The ALJ then cites an example from the medical evidence of record to support her conclusion. Contrary to Plaintiff's assertion, the Court finds no evidence that the ALJ made her decision by picking and choosing evidence that only supports her position, or that she failed to consider the evidence of record as a whole. The record, when considered in its entirety as the ALJ states she did, sets forth substantial evidence from which the ALJ reasonably could have reached her conclusion and which supports the same.

3

Plaintiff's next contention, that the ALJ's assessment of her residual functional capacity is not supported by substantial evidence because it improperly relies on evidence provided by a non-examining physician, is also rejected. Specifically, Plaintiff contends that the state agency physician did not have adequate information on which to base his opinion because he did not have an opinion from a treating physician such as Dr. Root to review. Dr. Root's opinion did not exist at the time Dr. Taggart conducted his review of the record evidence. In making her residual functional capacity decision, the ALJ clearly states that she considered the reports of the state agency consultants as well as the treating, examining and non-examining medical sources. The ALJ specifically found that "[a]lthough the State agency physicians did not examine the claimant, they provided specific reasons for their opinions about the claimant's residual functional capacity showing that the opinions were grounded in the evidence in the case." (R. at 28). In view of the ALJ's finding that the agency physician's opinions were supported by specific reasons, and the ALJ's assessment that those opinions were "grounded in the evidence of the case", the Court finds no error. Plaintiff's position that the ALJ improperly determined that the opinion of Dr. Root as to Plaintiff's limitations was not entitled to controlling weight has previously been rejected.

Plaintiff's final contention is that the ALJ's reasons for finding her testimony not credible are not legitimate. "'Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).

The Court rejects Plaintiff's claim that the ALJ failed to properly evaluate the intensity, persistence , and limiting effects of her symptoms. As the Commissioner notes, the ALJ was not required to set forth "a formalistic factor-by-factor recitation of the evidence" she relied on in evaluating Plaintiff's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility", the credibility determination is adequate. *Id*. If the ALJ disbelieved claimant's allegations, she must explain what evidence led her to conclude the claimant's allegations were not credible. *Kepler v. Chater*, 68 F. 3d. 387, 391 (10th Cir. 1995). It appears the ALJ did exactly that by citing Plaintiff's reported success with physical therapy, her personal observations of Plaintiff, what she found to be inconsistencies in Plaintiff's allegations, Plaintiff's earning history since the alleged disability onset date, and her current part time

5

employment. Contrary to Plaintiff's assertions, the Court finds nothing amounting to legal error. As the Commissioner notes, Plaintiff's ability to work long after her alleged onset date suggests that her alleged impairments were not of disabling severity. *See e.g., Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 292 (9th Cir. 1992)(part-time employment may indicate the ability to engage in substantial gainful activity); *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)(absent a worsening of her condition, a claimant who has worked for years with her impairments cannot claim them as disabling). Citing *Cavitt v. Schweiker*, 704 F.2d 1193, 1195 (10th Cir. 1983), Plaintiff contends that willingness to work is not a proper basis for discrediting disability claims. *Cavitt*, however, concerned a residual functional capacity determination, not a determination of credibility. Lastly, the ALJ was entitled to rely on her own observations as one consideration in determining Plaintiff's credibility. *See Qualls*, 206 F.3d at 1373 ("Although an ALJ may not rely solely on his personal observations to discredit a plaintiff's allegations, he may consider his personal observations in his overall evaluation of the claimant's credibility"). In sum, because the ALJ's finding of credibility is supported by evidence of record, Plaintiff's argument must be rejected.

For the forgoing reasons, the decision of the Commissioner as to the Plaintiff Denise Pizzino is affirmed.

DATED this _6th_ day of _October_, 2006.

BY THE COURT:

_/s/ David Sam_

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT